WILLIAM CRONKRIGHT et al.

*v*

PETER HAULENBECK et al.

1. In proceedings for partition in equity, the court is authorized in its discretion to make such allowance for the services of the commissioners and their expenses in surveying or otherwise, as may be deemed reasonable on a consideration of the character and extent of the services of the commissioners, and their responsibilities and the expenses reasonably incurred.

2. An 'appeal will not lie from an order of the chancellor making an allowance to commissioners for their services and expenses in having maps and surveys made, where the ground of appeal is that the allowance was unreasonable and excessive, and the matter has been heard in the court of chancery on petition and affidavits annexed thereto, without any counter affidavits and without application for a hearing on depositions.

---

On appeal from an order of the chancellor on the following facts.

The bill in this cause was filed for partition of certain real estate in the county of Bergen, of which James Cronkright died seized.

A commission was regularly issued in the cause to Samuel E. De Groot and others, directing them to make partition and division of such lands.

William Williams, the respondent, who is a civil engineer, was employed by the commissioners to make, and he did make, a survey and map of the property for the use of the commis-

sioners.   His bill for such services remaining unpaid, he applied to the court, by petition, for an order directing it to be paid

His petition alleges, and it is not disputed, that his said bill was accepted by the commissioners as just, fair and correct in every particular, and was not paid only because the commissioners had no funds for the purpose.

Upon filing this petition, a rule was granted requiring the complainants and defendants to show cause why the petitioner's bill, with interest, should not be paid by the complainants or defendants, or some of them, and be a lien upon the real estate mentioned in the bill of complaint in the cause, or some part thereof, as proper and legitimate costs in the cause, and execution issue therefor.

This rule was served on all parties, and by a decree dated November 17th, 1879, it was decreed that the petitioner was entitled to said sum of $513, with interest from November 1st, 1873, to be paid by the complainants, as proper and legitimate costs in the cause.

By another decree, dated October, 1880, the former decree was modified, so that said sum of $513, with interest, was to be taxed by the clerk as part of the costs of partition, and the complainant's costs, including this bill of William Williams, with interest and costs, to be apportioned between the tenants in common, according to their respective interests, and to be a lien on each share till paid.

A final decree was made herein, June 2d, 1880, also directing the costs to be paid, and making an extra allowance of $30 to each of the commissioners.

The appellants appeal from so much of the decree of November 17th, 1879, as adjudges that the respondent is entitled to said sum of $513 and interest for his services in surveying and making maps for the commissioners.

And from that part of the decree dated October, 1880, which orders the amount due William Williams to be taxed as part of the costs in the cause, and orders such costs to be apportioned among the tenants in common according to their respective interests, to be a lien on each share until paid.   And from so

much of the final decree as allows $30 extra allowance to each of the commissioners.

*Mr. Charles H. Voorhis,* for appellant.

I. Commissioners in this case should have nothing beyond their *per diem,* because they acted erroneously and thereby put the parties to great expense. *Haulenbeek* v. *Cronkright, 11 C. E. Gr. 159.*

II. Surveyor's bill extravagant. Out of proportion to the work done. Survey of farm lands—four quadrilaterals counting together about forty-nine acres. See the maps. Ought to have been a reference. No evidence. Surveyor seems to rely upon want of objection by the commissioners.

*Messrs. Ackerson & Van Valen,* for respondents.

I. The final decree filed June 2d, 1880, is not appealable, because not resisted by the appellants. *Townsend* v. *Smith, 1 Beas. 350.*

II. An appeal will not lie from a decree awarding costs. *2 Dan. Ch. Pr. 1465,* and cases cited; *Lozear* v. *Shields, 8 C. E. Gr. 509.*

III. The decrees appealed from are properly made, because the petitioner's bill for services is part of the proper and legitimate costs of the cause, and recoverable from the owners of the land partitioned. The costs of issuing, executing and confirming the commission in partition proceedings in chancery are recoverable from the parties in proportion to their several interests. *Coles* v. *Coles, 2 Beas. 365; Agar* v. *Fairfax, 17 Ves. 533; 2 Dan. Ch. Pr. *1163; Rev. p. 806.*

IV. The costs of an infant, as well those before as those subsequent to issuing the commission, will be declared to be a charge on his share. *Cox* v. *Cox, 3 K. & J. 554; 2 Dan. Ch. Pr. *1163.*

V. The only difference between the decree of November 17th, 1879, and that of October, 1880, is that, by the former, the complainant is liable in the first instance to pay Williams's bill, and by the latter each owner of the land is responsible for his *pro rata* share of said bill, which is in accordance with the final decree of June 2d, 1880.

The opinion of the court was delivered by

DEPUE, J.

This appeal was taken from an order of the chancellor in the taxation of the costs and expenses in partition, making an allowance to the commissioners of extra compensation for their services, and for the services of a surveyor in making maps and surveys.

The act concerning partition provides for the allowance to each commissioner of $1.50 for each day employed in the service, together with all actual expenses for surveying, chain-bearing assistants, and other necessary expenses, and such further reasonable allowance as the court may judge proper, to be taxed by the court. *Rev. p. 806 § 45.* This act applies in terms only to proceedings for partition conducted under its provisions. But its directions with respect to the allowance of commissioners' fees and expenses, have been adopted in proceedings for partition in equity, and the court is authorized in its discretion to make such allowance for the services of the commissioners and their expenses in surveying or otherwise as may be deemed reasonable, on a consideration of the character and extent of the services of the commissioners and their responsibilities, and the expenses reasonably incurred. *Coles* v. *Coles, 2 Beas. 365.*

The complaint on the present appeal is that the allowances made were unreasonable and excessive in amount—out of proportion to the services rendered.

The amount of allowances of this kind is usually ascertained in an informal manner, from an inspection of the papers, and statement of counsel, and such knowledge on the subject as the

New York and Greenwood Lake Ry. Co. v. Stanley's Heirs.

court has obtained in its supervision over the proceeding in its several stages. In this case the allowance of the surveyor's charges (which is the principal ground of complaint) was made on his petition and on affidavits, among which was the affidavit of one of the commissioners to the employment of the surveyor and the rendition of the services he charges for, and certifying to the correctness of his bill. No counter-affidavits were offered, nor was any application made to the chancellor for a hearing on depositions.

With respect to the propriety of the allowance to the commissioners for their services, we have no information except the direction in the decree that in taxing the costs of partition there be allowed to the commissioners, as an extra allowance, $30 each.

I think that from a discretionary order made under such circumstances no appeal will lie.

The appeal should be dismissed.

*Appeal unanimously dismissed.*